PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JENS HIRSCH, | ) | |
| | ) | CASE NO.  4:14CV0813 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

On April 15, 2014, *Pro se* Petitioner Jens Hirsch, a federal inmate at the Northeast Ohio Correctional Center, filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. The Petition indicates Hirsch was convicted in the United States District Court for the Central District of Illinois in 2013 of conspiracy to commit bank fraud, bank fraud, and making false statements to a bank. ECF No. 1 at PageID #: 2. He was sentenced to 46 months incarceration with two years supervised release. *See United States v. Hirsch*, No. 4:11CR40018-JES-JAG-1 (C.D. Ill filed Jan. 24, 2013). ECF No. 1-1 at PageID #: 8. As grounds for the petition, he asserts he should be given jail time credit for the period he was released on bond and placed on "home incarceration" with electronic monitoring. ECF No. 1 at PageID #: 3. For the reasons stated below, this action is dismissed.

Under 18 U.S.C. § 3621(a), the Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders. An inmate may be granted jail time credit against a federal sentence for any qualifying period of pre-sentence custody, as provided in 18 U.S.C. § 3585(b), as follows:

(4:14CV0813)

>    (b) CREDIT FOR PRIOR CUSTODY.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>        (1) as a result of the offense for which the sentence was imposed; or
>        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was  imposed;
>    that has not been credited against another sentence.

The Supreme Court has determined that "a defendant suffers 'detention' only when committed to the custody of the Attorney General; a defendant admitted to bail on restrictive conditions . . . is 'released.'" *Reno v. Koray*, 515 U.S. 50, 57 (1995).  Furthermore, "electing bail conditioned on home confinement  . . .  is too insubstantial to be regarded as a liberty interest protected by the Due Process Clause." *Cucciniello v. Keller*, 137 F.3d 721, 724 (2d Cir. 1998). While petitioner "believes" his home incarceration was so restrictive as to constitute an exception to these well-settled principles, he cites no cases supporting this assertion, and this Court is otherwise unpersuaded by his claim.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]


IT IS SO ORDERED.


October 28, 2014                           /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.